IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TAMMY JARAMILLO,

    Plaintiff,

v.                                      No. 1:21-cv-01119-MIS-KK

TAOS COUNTY BOARD OF
COMMISSIONERS, et al.,

    Defendants.

## ORDER DISMISSING REMAINING CLAIMS WITHOUT PREJUDICE

THIS MATTER is before the Court *sua sponte*, upon review of Plaintiff's First Amended Complaint. ECF No. 4 ("1st Am. Compl."). Plaintiff's First Amended Complaint alleges violations of both federal and New Mexico state law against Taos County Board of Commissioners, Jerry Hogrefe, Lupe Martinez, Randy Autio, Alan Maestas, and Tom Blankenhorn. *See id.* at 21–35. In its Order Granting Summary Judgment in Favor of Defendant Jerry Hogrefe, the Court granted summary judgment to Defendant Hogrefe as to all federal and state law claims against him. ECF No. 42. This resulted in summary judgment being granted against Plaintiff on all of her federal claims, specifically Counts VIII–X.[1] Therefore, no federal claims remain against any defendant. *See generally* 1st

---

[1] The Court also granted summary judgment to Defendant Hogrefe on all state law claims made against him, specifically Counts III–VI, XI. ECF No. 42.

Am. Compl.[2] The only claims remaining are against the other defendants under New Mexico state law. *See* 1st Am. Compl. at 21–29, 34–35 (Counts I–VII, XII).

A district court may decline to exercise supplemental jurisdiction over pendent state claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This Court had original jurisdiction over Counts VIII–X of Plaintiff's First Amended Complaint as they raised federal questions. 28 U.S.C. § 1331. As such, this Court exercised supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(a). "If federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997). Nevertheless, the district court has discretion to retain its jurisdiction over state law claims and should consider "the values of judicial economy, convenience, fairness, and comity" in determining whether to do so. *Henderson v. AMTRAK*, 412 F. App'x 74, 79 (10th Cir. 2011). Having considered these factors, the Court determines that the factors weigh in favor of adjudication by a state court. Therefore, the Court declines to exercise supplemental jurisdiction over any remaining claims and dismisses these claims without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

---

[2] Although Plaintiff has not moved for leave to file a second amended complaint, the Court determines that further amendments to state a federal claim under 42 U.S.C. § 1983 or § 1985 likely would be futile, for the same reasons stated by the Court in its prior Order Granting Summary Judgment in Favor of Defendant Jerry Hogrefe and as stated by the Court on the record at the September 19, 2022 hearing. *See* ECF Nos. 41–42.

**IT IS THEREFORE ORDERED** that Plaintiff's remaining claims, all arising under under New Mexico state law, are hereby dismissed without prejudice.

The Court will enter a separate final judgment.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE