IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TAMMY JARAMILLO,

    Plaintiff,

v.                                            No. 1:21-cv-01119-MIS-KK

TAOS COUNTY BOARD OF
COMMISSIONERS, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT HOGREFE'S APPLICATION FOR AWARD OF ATTORNEY'S FEES**

THIS MATTER is before the Court on Defendant Jerry Hogrefe's Application for Award of Attorney's Fees, pursuant to 42 U.S.C. § 1988. ECF No. 47. Plaintiff filed her Response, and Defendant Hogrefe filed his Reply.[1] ECF Nos. 56, 57. Having considered the parties' submissions, the record, and the relevant law, the Court will deny the Application.

**BACKGROUND**

The case was brought by Tammy Jaramillo, the former Health Care Assistance Program Director for Taos County, against the Board of County Commissioners, the County Sheriff (Defendant Hogrefe), and certain employees of the County, following various investigations, disciplinary proceedings, and innuendo regarding the same, which ultimately culminated in Plaintiff's termination as a County employee. *See generally* 1st Am. Compl., ECF No. 4. Plaintiff

---

[1] Based on the record, it appears that the parties originally disagreed on whether filing a notice of appeal divested this Court of jurisdiction to adjudicate the Application. *See* ECF Nos. 48, 51–53. The parties resolved this dispute by stipulation, in accordance with applicable law. *See* ECF Nos. 53–54.

asserted that the actions of the County, Defendant Hogrefe, and several employees were unlawful and injurious to her wellbeing and reputation. *Id.* In relevant part, for purposes of Defendant Hogrefe's Application, Plaintiff alleged that Defendant Hogrefe committed the following wrongful actions against her:

(a) Defamation (Count III) under New Mexico law

(b) Malicious Prosecution (Count IV) under New Mexico law

(c) Abuse of Process (Count V) under New Mexico law

(d) Breach of Confidence (Count VI) under New Mexico law

(e) Defamation (Count VIII) under 42 U.S.C. § 1983[2]

(f) Due Process (First Count IX) under 42 U.S.C. § 1983

(g) Malicious Prosecution (Second Count IX) under 42 U.S.C. § 1983

(h) Conspiracy to Interfere with Civil Rights (Count X) under 42 U.S.C. § 1985

After holding a hearing, the Court granted summary judgment to Defendant Hogrefe on all the above claims, and found Defendant Hogrefe was entitled to qualified immunity on all of Plaintiff's federal claims. ECF Nos. 42, 60. Because there were no remaining federal claims, the Court declined supplemental jurisdiction over and dismissed all claims against the remaining defendants without prejudice.[3] ECF No. 44. Defendant Hogrefe then filed the present Application for partial

---

[2] Plaintiff's claims in Counts VII–X were actually brought under "28 U.S.C. § 1983." *See* ECF No. 4 at 29–32. This appears to be a drafting error. *See, e.g., id.* at 2 (citing 42 U.S.C. § 1983). Because this issue is immaterial to the present Motion, given that it does not relate to conduct that would meet the § 1988 standard for granting attorney's fees, the Court will assume that Plaintiff intended to bring her claims under 42 U.S.C. § 1983.

[3] The main case was appealed to the United States Court of Appeals for the Tenth Circuit. ECF No. 48. However, the appeal was dismissed for failure to prosecute. ECF No. 64-1. The Court held the present Application for Award of Attorney's fees in abeyance pending the outcome of the appeal. ECF No. 61 at 2.

reimbursement of attorney's fees under 42 U.S.C. § 1988, limited to his attorney's time "directly connected to obtaining summary judgment." ECF No. 57 at 1 n.1. In the Application, Defendant Hogrefe argued that he was the "prevailing party" in the lawsuit under 42 U.S.C. § 1988 and that Plaintiff's claims against him were "frivolous, unreasonable, and/or without legal foundation." ECF No. 47 at 1–2. Most or all of Defendant Hogrefe's arguments were directed at the legal deficiencies in Plaintiff's claims against him rather than factual deficiencies or any evidence of improper motive on the part of Plaintiff. *See generally id.* at 4–8. In response, Plaintiff argued that her lawsuit was not brought in bad faith and that she had reasonable grounds for bringing the lawsuit, despite the benefit of hindsight, and that the law does not permit an award of attorney's fees in favor of a prevailing defendant simply because the lawsuit ultimately proved unsuccessful.[4] *See* ECF No. 56 at 2–3 (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978)).

## LEGAL STANDARD

Under 42 U.S.C. § 1988, while a prevailing plaintiff ordinarily is entitled to attorney's fees, a prevailing defendant may recover an attorney's fee award only where the suit was "vexatious, frivolous, or brought to harass or embarrass the defendant." *Mitchell v. City of Moore*, 218 F.3d 1190 (10th Cir. 2000) (quoting *Utah Women's Clinic, Inc. v. Leavitt*, 136 F.3d 707, 709 (10th Cir. 1998)). "This is a difficult standard to meet, to the point that rarely will a case be sufficiently

---

[4] Plaintiff also argued that because Defendant Hogrefe was granted qualified immunity, he is not a "prevailing party" for purposes of § 1988. Because the Court will rule in favor of Plaintiff on other grounds, it need not (and therefore will not) address this argument.

3

frivolous to justify imposing attorney fees on the plaintiff." *Id.* "The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard." *Id.*

## ANALYSIS

Applying the above standard for granting attorney's fees to a prevailing defendant under 42 U.S.C. § 1988, the record does not reflect that Ms. Jaramillo brought suit for any improper purpose. Instead, it appears that she brought suit out of what appears to be a genuine (but improperly presented and perhaps misplaced) concern that her civil rights were violated. Although the Court previously determined that Plaintiff's claims against Defendant Hogrefe could not survive summary judgment and that Defendant Hogrefe was entitled to qualified immunity on all federal claims, *see* ECF No. 60, the Court cannot conclude that Plaintiff's claims against Defendant Hogrefe were vexatious, frivolous,[5] or brought to harass or embarrass Defendant Hogrefe. Moreover, imposing an obligation on Plaintiff to pay Defendant Hogrefe's attorney's fees would serve no purpose, since Plaintiff most likely was guided by her counsel's advice regarding whether her claim had any merit.[6]

For the foregoing reasons, Defendant Hogrefe's Application for Award of Attorney's Fees, ECF No. 47, is hereby **DENIED**.

---

[5] Although the Court believes that Plaintiff's claims may approach the definition of "frivolous," given their apparent lack of legal merit, the Court also notes that the federal claims were ultimately decided on the basis of qualified immunity, and all of the claims (both state and federal) were decided prior to discovery on the merits of Plaintiff's case. *See* ECF Nos. 26, 42. Therefore, the Court cannot conclude that Plaintiff's claims were frivolous, particularly at the qualified immunity stage of litigation. *See* FRIVOLOUS, *Black's Law Dictionary* (11th ed. 2019).

[6] It does not appear that Defendant Hogrefe sought attorney's fees as a sanction against Plaintiff's attorney under Federal Rule of Civil Procedure 11. Although this issue is not presently before the Court, the outcome may have been different if the Rule 11 process had been utilized in addition to filing a claim for attorney's fees under § 1988. This issue is immaterial for purposes of the present Application.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE